**Claude Benton MORGAN, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

No. 30493

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1971.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F. 2d 409.

**292**

Henry R. Barksdale, of Barksdale, Tucker & Worley, Pensacola, Fla., for petitioner-appellant.

William Stafford, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Pensacola, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

We adopt and affirm the order of the district court, a copy of which is appended hereto.

Affirmed.

### ORDER

This cause is before the Court on motion to vacate judgment and sentence pursuant to 28 U.S.C. § 2255.

Petitioner's alleged ground for relief is that a prejudicial conversation took place during the trial of his case between a juror who was serving on his case and one who was serving on another case. This allegation was presented by motion for new trial, and a hearing was held at which extensive testimony was taken. Robert W. Bryant testified to the alleged conversation and identified the juror serving on the other case, Frank Blews, but could not make a positive identification of the juror in Petitioner's case. All of the jurors were then questioned separately by the trial judge, and the juror who had served during Petitioner's trial was identified as Leo Duncan. Both Blews and Duncan denied the alleged prejudicial aspects of the conversation. James O. Morgan, Petitioner's brother, was present and had been sworn as a witness to testify that he was with Bryant and had heard the prejudicial remarks. However, he was never put on the stand.

The trial judge found that although a conversation had taken place between the two jurors, no prejudicial remarks has been made. This ruling was upheld in Morgan v. United States, 399 F.2d 93 (5 Cir. 1968) and certiorari was denied, 393 U.S. 1025, 89 S.Ct. 635, 21 L.Ed.2d 568 (1969).

Petitioner now presents to the Court in support of his motion an affidavit by James O. Morgan stating that he can corroborate Bryant's testimony concerning the alleged prejudicial remarks and could identify the two jurors. Also presented are affidavits from Bryant stating that he can now identify the jurors and that on the night before the hearing he had been visited by F.B.I. agents, which so upset and frightened him that he was afraid to testify except in generalities and was afraid to make a positive identification of the juror in Petitioner's trial. Bryant apparently waited about three years before making his visit known to Petitioner or his attorneys.

On a request for relief under 28 U.S.C. § 2255, the federal fact-finding procedures are by hypothesis adequate to assure the integrity of the underlying constitutional rights. In all other respects the federal court should follow the principles laid down for state prisoners in determining whether it must review constitutional claims. Kaufman v. United States, 394 U.S. 217, 227, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969). These principles are set forth in Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963). Of the circumstances enumerated there, the record amply demonstrates that there can be no question except as to (4), a substantial allegation of newly-discovered evidence.

The affidavit of James Morgan cannot be considered newly-discovered evidence,

since the matters contained therein were known to Petitioner and to his attorneys before the hearing on the motion for new trial. Morgan was present and available to testify, but the decision was made not to use him as a witness. Where newly-discovered evidence is alleged, it must be such as could not reasonably have been presented to the trier of facts. Townsend v. Sain, supra at 317, 83 S.Ct. 745.

The affidavits of Bryant state that he was afraid to testify except in generalities. However, the record shows that he testified in considerable detail except that he could not positively identify the juror who served during Petitioner's trial; nevertheless, he did identify the juror in the other case. He states that he could now identify the first juror. However, since both jurors were identified at the hearing and questioned extensively by the judge, it does not appear that identification now could in any way amplify the record now before the Court. "Where the trial or appellate court has had a 'say' on a federal prisoner's claim, it may be open to the § 2255 court to determine that on the basis of the motion, files, and records, 'the prisoner is entitled to no relief.'" Kaufman v. United States, supra, 394 U.S. 227 n. 8, 89 S.Ct. 1074.

The record before this Court amply demonstrates that a further evidentiary hearing would bring out no facts not already of record, and, further, that Petitioner was not deprived of his right to a fair and impartial trial.

Therefore, it is

Ordered:

1. Motion to vacate judgment and sentence is hereby denied.

2. The Clerk of this Court is directed to mail copies of this order to Petitioner and to Respondent.

Done and ordered this 22nd day of July, 1970.

/s/ Winston E. Arnow
Winston E. Arnow
Chief Judge